UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY YANIEL ZELEDON,

             Petitioner,
v.                                                      6:25-CV-06623-MAV

**SCHEDULING ORDER**

EDWARD NEWMAN, Acting Director of Buffalo
Field Office of Immigration and Customs
Enforcement; *et al.*,

             Respondents.
_____

      Petitioner Anthony Yaniel Zeledon, a national of Nicaragua, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 on October 30, 2025, while being held as civil immigration detainee at the Buffalo Federal Detention Facility.[1] ECF No. 1. Accordingly, the Court has jurisdiction over this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004).

      Among other requests for relief, Petitioner asks this Court to exercise its authority under 28 U.S.C. § 2243 to issue an Order to Show Cause why the Petition should not be granted. ECF No. 1-1. Under 28 U.S.C. § 2243, the Court must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The statute further provides that the person to whom the order to show cause is directed shall make a return certifying the true cause of the detention within

---

[1] According to the Petition, Petitioner was arrested in Watervliet, New York by federal agents on October 25, 2025. ECF No. 1 ¶¶ 5. He was transferred to the Buffalo Federal Detention Facility in Batavia, New York on October 27, 2025, where he remained detained as of the time of filing his Petition. *Id.* at ¶ 7.

three days, unless good cause warrants additional time. *Id.* Thereafter, "a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." *Id.*

However, 28 U.S.C. § 2243 is not the only statute governing a habeas petition under 28 U.S.C. § 2241. *Schumaker v. Knight,* No. CV 23-20834 (CPO), 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024) (internal citation omitted). Indeed, Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") is applicable to § 2241 cases through Rule 1(b). *Tompkins v. Pullen,* No. 3:22-CV-00339 (OAW), 2022 WL 871938, at *2 (D. Conn. Mar. 23, 2022). Rule 4 requires simply that the Court "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order." Habeas Rule 4. "Rule 4 . . . gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made." *Iremashvili v. Rodriguez,* No. CV 15-6320 (CCC), 2017 WL 935441, at *2–3 (D.N.J. Mar. 9, 2017) (discussing the Habeas Rule 4 advisory committee's note to 1976 adoption).

Further, the Habeas Rules provide an avenue for the Court to order an evidentiary hearing where it is warranted. Habeas Rule 8(a) provides that if, upon receipt of the parties' papers, the petition is not dismissed, the judge must review the response and relevant exhibits "to determine whether an evidentiary hearing is warranted." If a hearing is warranted, the Court "must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare . . . ." Habeas Rule 8(c).

Recognizing "the necessity of greater flexibility in determining the time period in which an answer must be made," and that such flexibility is possible under the Habeas Rules

while at the same time preserving Petitioner's rights, the Court declines to issue an order to show cause at present. *See Hayon v. Reardon,* No. 20-CV-4668 (PKC), 2021 WL 25365, at *7 (E.D.N.Y. Jan. 4, 2021) (citing, *inter alia, Kalu v. New York,* No. 08-CV-4984 (NGG), 2009 WL 7063100, at *4 (E.D.N.Y. Sept. 15, 2009) ("[B]oth Congress and federal courts have recognized the impracticability of [section 2243], and the necessity for greater flexibility in determining the time period in which an answer must be made." (citations omitted)). Nevertheless, the Court finds good cause to expedite the timeline set forth in the District's standing order *In the Matter of E-Service of Habeas Corpus Cases Pursuant to 28 U.S.C. § 2241*. Therefore,

IT IS HEREBY ORDERED that the Clerk of Court shall forthwith serve a copy of the Petition, ECF No. 1, together with a copy of this Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that within **14 days** of the date of this Order, Respondents shall file and serve an **answer** responding to the allegations in the Petition, or a **motion to dismiss** the Petition; and it is further

ORDERED that within **14 days** of the date of this Order, Respondents shall file and serve, in addition to the answer or motion to dismiss, a **memorandum of law** addressing each of the issues raised in the Petition and including citations to supporting authority and applicable sections of the Immigration and Nationality Act, as well as copies of the Notice to Appear served on Petitioner, the warrant to arrest where applicable, any other relevant exhibits helpful to resolution of this Petition, and a supporting declaration as necessary; and it is further

ORDERED that Petitioner shall have **7 days** after service of the answer or motion to dismiss to file a **written response**.

Following receipt of the parties' papers, the Court will determine whether an evidentiary hearing is warranted. In that regard, the Court observes that 28 U.S.C. § 2243 provides that "[u]nless the application for the writ and the return present only issues of law, the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained," as "the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts." *See, e.g., Goldberg v. Tracy*, 247 F.R.D. 360, 392 (E.D.N.Y. 2008), *adhered to on reconsideration,* No. 01-CV-8454, 2008 WL 972721 (E.D.N.Y. Mar. 24, 2008), and *aff'd*, 366 F. App'x 198 (2d Cir. 2010) ("Whether a habeas petitioner appears in person or telephonically, a habeas court may maintain the necessary perspective that petitioner is a human being who deserves to be treated with fairness and dignity."). Accordingly, to facilitate the expeditious resolution of this matter, it is further

ORDERED that Respondents refrain from transferring Petitioner out of the United States until after the Court determines whether an evidentiary hearing is warranted.

SO ORDERED.

Dated:   November 4, 2025
         Rochester, New York

_____
HON. MEREDITH A. VACCA
United States District Judge