UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Anthony Yaniel ZELEDON, | ) | |
| | ) | Case No. 25-1108 |
| Petitioner, | ) | |
| | ) | **PETITION FOR WRIT OF** |
| v. | ) | **HABEAS CORPUS** |
| | ) | |
| Edward Newman, Acting Director of Buffalo | ) | |
| Field Office of Immigration and Customs | ) | |
| Enforcement; | ) | |
| Kristi Noem, Secretary of the Department of | ) | |
| Homeland Security; | ) | |
| Pamela Bondi, Attorney General, | ) | |
| | ) | |
| | **)** | |
| | ) | |
| in their official capacities, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## <u>INTRODUCTION</u>

1.     Anthony Yaniel Zeledon, is an asylum seeker from Nicaragua.

2.     On March 10, 2024, Petitioner entered the U.S. under Humanitarian Parole.

3.     On March 31, 2025, Petitioner filed an asylum application based on political persecution in Nicaragua. He feared imprisonment upon return.

4.     On April 11, 2024, Petitioner Received Employment Authorization Document (EAD) valid under pending asylum application. The fact that Petitioner was eligible for his work permit, was due to his application for asylum.

5.     On October 25, 2025, **without warning or apparent justification,** Immigration and Customs Enforcement ("ICE"), detained Petitioner between 6:50 a.m. and 7:00 a.m. near his residence at 1315 1st Avenue Watervliet. NY 12189, by four vehicles.

6.       ICE subsequently took Petitioner into custody, at the Malta facility.

7.       On October 27, 2025, Petitioner was transferred from the Malta facility, to the Batavia Detention Center.  Upon information and belief, Petitioner remains detained at the Batavia Detention Center, as of the time of the filing of this Habeas Petition.

8.       Petitioner's detention was unlawful and unwarranted, since he was not in removal proceedings at the time of his arrest; his legal status has not changed from the time he entered the United States on March 3, 203.

9.       Furthermore, the immigration authorities failed to conduct a proper individual assessment of Mr. Anthony Yaniel Zeledon prior to his detention.

10.       Pursuant to 28 U.S.C. § 2243, Mr. Anthony Yaniel Zeledon  requests that the Court issue an Order to Show Cause directing ICE to file a return "within three days[,] unless for good cause additional time, not exceeding twenty days, is allowed," justifying its unexplained decision to detain Mr. Anthony Yaniel Zeledon, in apparent excess of statutory authority.

11.       Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

## **JURISDICTION**

12.       This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

13.       This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

14.    This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

15.    Venue is proper because—on information and belief—Petitioner is detained at 4250 Federal Drive Batavia, NY 14020, which is within the jurisdiction of this Court.

## PARTIES

16.    Petitioner, Anthony Yaniel Zeledon, is a national of Nicaraguan. He entered the U.S. under Humanitarian Parole.

17.    On October 25, 2025, **without warning or apparent justification,** Immigration and Customs Enforcement ("ICE"), detained Petitioner between 6:50 a.m. and 7:00 a.m. near his residence at 1315 1st Avenue Watervliet. NY 12189, by four vehicles. ICE subsequently took Petitioner into custody, at the Malta facility.

18.    On October 27, 2025, Petitioner was transferred from the Malta facility, to the Batavia Detention Center.  Upon information and belief, Petitioner remains detained at the Batavia Detention Center, as of the time of the filing of this Habeas Petition.

19.    Edward Newman is the Acting Director of ICE's Buffalo Field Office. In his official capacity, he is charged with carrying out the functions of that office, including by making and overseeing decisions regarding immigration detention throughout the Buffalo, including the Batavia Detention Center. He therefore has custody over Petitioner, in that he can order his release from ICE custody.

20.     Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), which is ICE's parent agency. In her official capacity, she is charged with making determinations

as to removability, asylum eligibility, and immigration custody, all of which are binding on DHS. She therefore has constructive custody over Petitioner, in that she has the capacity to order DHS to release Petitioner from custody.

21.    Pamela Bondi is the Attorney General. In her official capacity, she is charged with making determinations as to removability, asylum eligibility, and immigration custody, all of which are binding on DHS. She therefore has constructive custody of Petitioner, in that she has the capacity to order DHS to release Petitioner

## STATEMENT OF FACTS

22.    Anthony Yaniel Zeledon, is an asylum seeker from Nicaragua.

23.    On March 10, 2024, Petitioner entered the U.S. under Humanitarian Parole.

24.    On March 31, 2025, Petitioner filed an asylum application based on political persecution in Nicaragua. He feared imprisonment upon return.

25.    On October 25, 2025, **without warning or apparent justification,** Immigration and Customs Enforcement ("ICE"), detained Petitioner between 6:50 a.m. and 7:00 a.m. near his residence at 1315 1st Avenue Watervliet. NY 12189, by four vehicles.

26.    ICE subsequently took Petitioner into custody, at the Malta facility.

27.    On October 27, 2025, Petitioner was transferred from the Malta facility, to the Batavia Detention Center.  Upon information and belief, Petitioner remains detained at the Batavia Detention Center, as of the time of the filing of this Habeas Petition.

28.    However, Mr. Anthony Yaniel Zeledon,  fears that ICE intends to transfer him to a remote detention facility beyond the reach of his family, and attorneys, here in New York. Cf., e.g., *Ozturk v. Hyde,* 136 F.4th 382 (2d Cir. 2025) (attempted transfer to ICE detention center in Louisiana); Mahdawi v. Trump, 136 F.4th 443 (2d Cir. 2025) (same).

## LEGAL FRAMEWORK

29.     Mr. Anthony Yaniel Zeledon's, detention Is Unlawful Because It Violates His Due Process Rights.

30.     As the Supreme Court has repeatedly instructed, freedom "from government custody, detention, or other forms of physical restraint" is at "the heart" of what the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); see also *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.").

31.     This is particularly true in the context of civil detention. See, e.g., *Addington v. Texas,* 441 U.S. 418, 425 (1979) ("This Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."); *Kansas v. Hendricks,* 521 U.S. 346, (1997) (requiring "strict procedural safeguards" to justify involuntary civil commitment of certain sex offenders); Foucha, 504 U.S. at 81-82, 86 (holding unconstitutional a state civil commitment "statute that place[d] the burden on the detainee to prove that he is not dangerous").

**A. DHS is Detaining Petitioner in Violation of His <u>Procedural</u> Due Process**

32.     To determine whether a civil detention violates a detainee's procedural due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976). See *Velasco Lopez v. Decker,* 978 F.3d 842, 851 (2d Cir. 2020) (applying Mathews test to a challenge involving discretionary noncitizen detention).

33.     Pursuant to Mathews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or

substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews,* 424 U.S. at 335.

34.     The first Mathews factor requires consideration of the private interest affected by Respondents' detention of Petitioner. This factor weighs heavily in Petitioner's favor because Mr. Anthony Yaniel Zeledon's, interest in being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld,* 542 U.S. 507, 529 (2004).

35.     As the court in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 (DEH), stated, "the most significant liberty interest there is—the interest in being free from imprisonment" (quoting Velasco Lopez v. Decker, 978 F.3d 842, 851 (2d cir. 2020)).

36.     **Moreover, the Court,** in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 (DEH), stated that "before the Government may exercise such discretion to detain a person, '§1226(a) and its implementation regulations **require ICE officials to make an individualized custody determination**'". (emphasis added) (quoting Velesaca v. wolf, No. 20 Civ. 2153, 2020 WL 7973940 (2d cir. Oct. 13, 2020).

37.     As in *Carlos Javier Lopez Benitez v. Francis,* **here too, no individualized determination as to the factors such as his high flight risk or dangerousness occurred** before ICE arrested Mr. Anthony Yaniel Zeledon, on October 25, 2025.

38.     The second Mathews factor requires courts to assess whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks.

39. There is very little doubt that the second prong of Mathews favors Petitioner, as the challenged detention, overwhelmingly creates a risk of erroneous deprivation of individuals' private rights.

40. Regarding the value of additional safeguards, the court in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 stated that "[a] person's liberty cannot be abridged without adequate procedural protections".

41. The third Matthews factor, the Government's interest, also weighs in favor of granting this petition. The Government's only legitimate interest at stake is its interest in ensuring that people facing removal do not endanger the public or abscond during the pendency of their removal cases.

42. In our case, it is clear that Petitioner does not endanger the public, as upon information and belief, he has no criminal record. Moreover, there is no concern that Petitioner would abscond during the pendency of their removal cases, as he is not in removal proceedings.

43. Lastly, Mr. Anthony Yaniel Zeledon's Procedural Due Process rights have been violated since he was detained when he was not in any removal proceedings. Under the plain text of 8 U.S.C. § 1226(a), ICE's authority to detain arises only 'pending a decision on whether the alien is to be removed'. No such proceedings existed here.

44. In fact, our case, mirrors *Muñoz Materano v. Arteta,* No. 25-cv-6137 (S.D.N.Y. Sept. 12, 2025), where the court found ICE's detention of a noncitizen ultra vires because it occurred before jurisdiction had vested. As in Muñoz Materano, ICE's actions here exceeded its statutory authority and violated the Fifth Amendment's guarantee of due process. Mr. Gopie's detention was therefore unlawful from its inception and cannot be justified by any post-hoc filing of an NTA.

**B. Continued Detention Of Petitioner Violates His Substantive Due Process Right To Be Free From Arbitrary Detention.**

45.     At a bare minimum, "the Due Process Clause includes protection against unlawful or arbitrary personal restraint or detention." *Zadvydas,* 533 U.S. at 718 (Kennedy, J., dissenting) (emphasis added).

46.     To meet the strictures of due process, Mr. Anthony Yaniel Zeledon's, detention must "bear[] a reasonable relation to [the] purpose[s]" of civil immigration detention, which the Supreme Court has identified as mitigating flight risk and mitigating danger to the community. *See Zadvydas,* 533 U.S. at 690 (quoting *Jackson v. Indiana,* 406 U.S. 715 (1972)) (quotation marks omitted).

47.     Respondents will not be able to show that Petitioner's detention without bond is necessary to prevent flight or to mitigate danger.

<u>**FIRST CLAIM FOR RELIEF**</u>
VIOLATION OF PROCEDURAL DUE PROCESS

48.      Petitioner hereby repeats and realleges all preceding allegations in the instant Petition as if fully set forth herein.

49.     The Due Process Clause of the Fifth Amendment protects the procedural rights of all persons in the United States, including noncitizens, from unlawful civil detention. Applying the three-part test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and in *Velasco Lopez v. Decker,* 978 F.3d 842, 851 (2d Cir. 2020), Petitioner's has been deprived of his right to procedural due process, and he is therefore entitled to immediate release.

50.     Moreover, according to the Court, in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 (DEH), before the Government can exercise the discretion to detain even a non-citizen, §1226(a) and its implementation regulations require immigration officials to make an

**individualized custody determination**, **as to the factors such as his high flight risk or**
**dangerousness occurred before ICE arrests an alien.**

<u>SECOND CLAIM FOR RELIEF</u>
**Violation of Fifth Amendment Right to Due Process**

51.    Petitioner hereby repeats and realleges all preceding allegations in the instant
Petition as if fully set forth herein.

52.    The Due Process Clause of the Fifth Amendment protects the substantive right of
all persons in the United States, including noncitizens, to be free from unjustified deprivations of
physical liberty. U.S. CONST. amend. V; see generally *Reno v. Flores,* 507 U.S. 292 (1993).

53.    "[G]overnment detention violates the [Due Process Clause] unless the detention is
ordered in a criminal proceeding with adequate procedural protections, or, in certain special and
narrow nonpunitive circumstances, where a special justification . . . outweighs the individual's
constitutionally protected interest in avoiding physical restraint." Zadvydas, 533 U.S. at 690
(quotation marks and citations omitted).

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

(1) Assume jurisdiction over his petition;

(2) Enjoin Respondents from transferring Petitioner outside of this judicial district;

(3) Direct Respondents to show cause within three days (or in no event more than twenty

days) why the Petition should not be granted;

(4) Order Petitioner's immediate release during the pendency of these proceedings;

(5) Declare Petitioner's ongoing detention to be violative of 8 U.S.C. § 1231 as well as the

Due Process Clause of the Fifth Amendment;

(6) Issue a writ of habeas corpus directing Respondents to release Petitioner;

(7) Award reasonable attorney's fees and costs to Petitioner; and

(8) Provide such other relief as the Court deems just and proper.


Dated:  October 29, 2025
        Queens, New York

                                        /s/ Reuben S. Kerben, Esq.
                                        Reuben S. Kerben, Esquire

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

   I represent Petitioner, Mr. Anthony Yaniel Zeledon, and submit this verification on his

behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas

Corpus are true and correct to the best of my knowledge.


Dated this 29th day of October, 2025.

                                        /s/ Reuben S. Kerben

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Anthony Yaniel ZELEDON,       )
                                           )     Case No. 25-1108
        Petitioner,        )
                                             )     **APPLICATION FOR ISSUANCE**
v.                                         )     **OF ORDER TO SHOW CAUSE**
                                             )
Edward Newman, Acting Director of Buffalo     )
Field Office of Immigration and Customs       )
Enforcement;                                   )
Kristi Noem, Secretary of the Department of     )
Homeland Security;                        )
Pamela Bondi, Attorney General,        )
                                             **)**
                                             )
        Respondents.       )
_____)

1.      Pursuant to 28 U.S.C. § 2243, Petitioner respectfully requests that this Court "forthwith" issue an order directing Respondents to show cause why the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 should not be granted.

2.      Petitioner challenges his ongoing detention, as it violates the Due Process Clause of the Fifth Amendment; *See* Petition for Writ of Habeas Corpus.

3.      The federal habeas corpus statute provides that "[a] court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

4.      Section 2243 further provides that the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

5.    Section 2243 further provides that the court shall hold a hearing on the writ or order to show cause "not more than five days after the return unless for good cause additional time is allowed."

6.    In addition, Section 2243 states that the court "shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

7.    Pursuant to Section 2243, Petitioner requests that the Court immediately issue an Order to Show Cause directing Respondents to file a return within three days of the Court's order, showing cause, if any, why the writ of habeas corpus should not be granted, and to provide Petitioner an opportunity to file a reply within # days after Respondents file the return.

8.    Giving Respondents additional time to respond is inappropriate in this case, because Petitioner faces irreparable physical and emotional harm in detention, due to the deprivation of his physical and emotianal liberty, being separated from his family, attorneys, and community connections. In addition, his detention will most likely lead to Respondents transferring Petitioner, Mr. Anthony Yaniel Zeledon, outside this judicial district, which would further, isolate him from his family, attorneys and community ties, as they will not be able to visit him and support him both legally and emotionally from afar.


/s/ Reuben S. Kerben
*Counsel for Petitioner*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anthony Yaniel ZELEDON,                                     ) | |
| ) | Case No. 25-1108 |
| Petitioner,                      ) | |
| ) | **ORDER TO SHOW CAUSE** |
| v.                                                               ) | |
| ) | |
| Edward Newman, Acting Director of Buffalo        ) | |
| Field Office of Immigration and Customs          ) | |
| Enforcement;; Kristi Noem, Secretary of           ) | |
| the Department of Homeland Security;               ) | |
| Pamela Bondi, Attorney General,                       ) | |
| ) | |
| Respondents.                     ) | |
| _____) | |

Upon consideration of Petitioner's Application for Issuance of Order to Show Cause

pursuant to 28 U.S.C. § 2243 and Petitioner's Petition for Writ of Habeas Corpus,

IT IS HEREBY ORDERED that:

1.      Respondent shall file a return on the Order to Show Cause why the Petition for

Writ of Habeas Corpus should not be granted by [Date];

2.      Petitioner shall have an opportunity to file a reply by [Date];

3.      This matter shall be heard by this Court on [Date] at [Time].

4.      Service of this Order shall be made by Petitioner on the United States Attorney

for the Western District of New York by [Time] on [Date] and shall constitute good and

sufficient service.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

🖉 JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Anthony Yaniel Zeledon

**DEFENDANTS**

Edward Newman, Kristi Noem, Pamela Bondi

**(b)** County of Residence of First Listed Plaintiff    Albany
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Genesee
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Reuben S. Kerben 80-02 Kew Gardens Road, Suite 307 Queens NY 11415
Tel: 718-255-8585

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☒ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☒ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. § 2243, 28 U.S.C. § 2241

Brief description of cause:
Petition For Habeas Corpus, to release petitioner from unlawfulw detention, as his Due Process was violated.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
10/29/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____